### PROCEEDINGS IN ACTION ON A CREDITOR'S BLL.

Circuit Court of Hamilton County.

THE DAVIS CARRIAGE CO. v. MARTIN WEBER ET AL.

Decided, February, 1902.

*Pleading—Where the Action is on a Creditor's Bill—New Party in Asserting a Counter-Claim—Can Not Assert Another and Different Claim from that set up in the Petition—Section 11319, General Code.*

1. Where a plaintiff, in an action in the nature of a creditor's bill seeking to have property sold and the proceeds applied to the payment of his debt, brings in another party who claims to have some interest in the property in question, such other party can not by answer and cross-petition assert against his co-defendant, whose property it is sought to subject to sale, a claim for a money judgment, but such other party is confined to the assertion of a claim against the particular property in question.

2. On the allegations of the pleadings in this case, it was error for the court to make a finding as to the amount due from one of the defendants to the other, notwithstanding the defendant against whom the finding was made was in default for answer.

*Edwards Ritchie,* for plaintiff in error.
*Paxton, Warrington & Seasongood,* for Third National Bank.

SMITH (JAS. M.), J.; SWING, J., and GIFFEN, J., concur.

The plaintiff in error seeks the reversal of a judgment rendered by the court of common pleas against said company in favor of Martin Weber on a cross-petition filed by Weber in an

action in the nature of a creditors' bill brought by the Third National Bank of this city against said Davis Carriage Co., G. H. Burrows, Martin Weber and the Dash & Carriage Goods Co.

The petition of the bank in substance avers, that on August 1, 1895, it recovered a judgment in the Superior Court of this city against said Davis Carriage Co. for $61,107.32 and for costs, which judgment is wholly unpaid and unsatisfied, and bears interest from August 1, 1895, at six per cent. per annum; that said Davis Carriage Co. has not sufficient goods or chattels, lands or tenements subject to execution to satisfy the same; but that said company is seized of an equity of redemption and has an interest in certain real estate particularly described in the petition, which premises the petition alleges had been sold by defendant, Weber, to defendant, Burrows, and in order to secure the balance of the purchase money, Weber executed a lease therefore to Burrows, his heirs, executors, administrators and assigns, for the term of two years, the purchase money to be paid in stated installments until the whole amount of the purchase price agreed upon was fully paid, and that upon the payment of the last of said installments, the said Martin Weber covenanted and agreed to convey said premises in fee simple to the said Grant H. Burrows, his heirs or assigns, and that afterwards, to-wit, on the 24th day of March, 1890, the said Burrows by deed duly executed, conveyed said premises, subject to the payment of the purchase price aforesaid, to the said Davis Carriage Co., and said company entered into the possession of said premises at that time and have ever since so remained. Plaintiff further averred, that while said instrument was in the form of a lease with the privilege of purchase, it was in fact intended to be and was a mortgage executed in the form stated above, for the purpose of securing to said Weber the payment of the balance of the purchase price of said premises, and that a large amount is still due thereon; that on August 31, 1895, plaintiff caused an execution to issue on its said judgment, and for want of goods and chattels whereon to levy it was levied on said leasehold, which levy still subsists. The petition therefore calls upon Weber to set up his lien against said property, and asks that the same be sold to pay his claim, and for full relief.

Thereupon the defendant, Weber, on September 4, 1895, filed his answer and cross-petition averring in substance, that on March 24, 1890, the Davis Carriage Co. purchased the premises in the petition described and assume the payment of the said notes in the petition described, and has paid all of the same except the last twelve. That all of the interest except $3,445.35 has been paid to January 1, 1895, and that $4,000 was paid April 14, 1894, on the principal, and that the balance due this cross-petitioner from said Davis Carriage Co. on the notes in the petition described is $74,000, with five per cent. interest thereon payable semi-annually from January 1, 1895, and $3,445.35, with interest from January 1, 1895.

Wherefore, he prayed judgment against the said Davis Carriage Co. for $74,000, with interest at five per cent. payable semi-annually from January 1, 1895, and for $3,445.35, with interest from January 1, 1895, and that the premises be sold and the proceeds applied to the payment of said judgment. He also made Edwards Ritchie, assignee of the Davis Carriage Co., a defendant, and caused a summons thereon to be issued against them and the same was returned as served October 1, 1895.

On the 27th of December, 1895, the court of common pleas entered a decree in substance, so far as it is necessary to state the same, that the "cause came on to be heard on the petition of the plaintiff and the cross-petition of Weber, the defendant, and that the defendants had been duly served with process under the petition and cross-petition, and were all in default except Weber; and thereby that the allegations of the petition and cross-petition are confessed by the defendants to be true; that the plaintiff recovered its judgment against the Davis Carriage Co. in the superior court and levied its execution as alleged; that the real estate described in the petition was sold by Weber to Burrows, and that in order to secure the balance of the purchase money, Weber executed a lease to Burrows as alleged in the petition and that Burrows conveyed the same to the Davis Carriage Co. subject to the payment of the purchase price, and that said company took possession of the premises, and still retain them; that though in form a lease it was intended to be and was in fact a

mortgage to secure the balance of the purchase price of the premises; and then finds that there is due to Weber from the Davis Carriage Co. thereon $80,149.47, with interest from October 7, 1895, and ordered the property to be sold by the receiver appointed.''

On the pleadings in the case (for it appears from the judgment entry that no evidence was heard by the court), was it error for the court of common pleas to render as was done, a personal judgment in favor of Weber, against the Davis Carriage Co. for $80,149.47 or for any other sum; or in this case under the circumstances to find that any particular sum was due from the Davis Carriage Co. to Weber?

In the first place the question arises whether in an action by a plaintiff in the nature of a creditors' bill, seeking to have real or personal property which for some cause can not be properly sold on execution at law, applied by proceedings in equity to the payment of his debt, brings in another party who had or claims to have some interest in the property in question, that he may set up his claim thereto, such person may by his answer and cross-petition assert as against his co-defendant, whose property is thus sought to be sold, a claim for a money judgment, or is he confined to the assertion of a claim against the particular property in question?

We think that the last supposition is the proper one under our code of civil procedure.

Our statute, Section 5071, Revised Statutes, gives to a defendant the right to set up in his answer as many grounds of defense, counter-claim and set-off as he may have, and permits him to claim relief therein ''touching the matters in question in the petition against the plaintiff or against other defendants in the in the same action.'' Thus in this case Weber might in his answer and cross-petition set up not only a counter-claim or set-off against the plaintiff which he did not do, but facts which would entitle him as against both the plaintiff and the defendants, the carriage company and others, to an adjudication as to the claim held by him against the property sought by the plaintiff to be sold, the amount and the priority thereof, and for its sale

for the payment of his claim. But we know of no provision of the law which would authorize him in such an action to assert another and different claim, in no way "touching the matters in question in the petition," against either the plaintiff or a co-defendant as we think would be the case for a personal judgment in a case of this kind. So far as I am advised, since the decision of the case of *Brown* v. *Kuhn*, 40 O. S., 468, the practice as to this has been almost uniform. The question was not directly decided in that case, though it was expressly stated in the opinion of the court, that under our code there is no provision for the issuance of a summons on a cross-petition against a defendant who is already in court. That it is only needful or proper to do so, when new parties are made by the cross-petition; and that as a cross-petition under our statute can only ask relief touching the matters in question in the petition, there is no necessity for service of proofs on parties already in court. Being there it is their duty to examine the files and see what defenses or claims are set up by the parties to the cause, with relation to the matters in controversy.

We think clearly then that the rendition of a personal judgment in favor of Weber against the carriage company was erroneous. On the allegations of the pleadings, which by failure to answer them the Davis Carriage Co. confessed to be true, was the court authorized to find as it has done, that there was due to the defendant, Weber, from the carriage company this sum of money. There is no allegation in the petition of the plaintiff that tends to show that the carriage company ever became bound for this debt to Weber. It is said that Burrows conveyed the property to the carriage company subject to the Weber debt. But this would not make the carriage company liable for it, unless on a good consideration it assumed and promised to pay it. Of course the property itself would be bound, but the company would not without such assumption. It is probable that if in the deed from Burrows to the company this debt on the property had been mentioned, and the statement made therein that it was assumed by the company as a part of the consideration for the property and the company accepted the deed, this would make

it a valid assumption of the debt of the carriage company.   But nothing as to this is alleged in the petition, and so far as the allegations of the cross-petition are concerned, they are so indefinite and uncertain as not to disclose the real claim of the defendant, Weber, and would lead one to the conclusion that the answer was filed without knowledge as to the allegations of the petition. It does aver that the defendant, the Davis Carriage Co., "did purchase the premises in the petition described, and assumed the payment of said notes in petition described, and has paid all except the last twelve."   While the fact is that no mention of any notes is made in the original petition as having been given by Burrows to the defendant, Weber, or anything more than that the premises in question had been sold by Weber to Burrows, and that in order to secure the balance of the purchase money, Weber executed a lease thereof to Burrows for ten years, the purchase money to be paid in stated installments until the whole amount of the purchase price agreed upon was fully paid, when on full payment the property was to be conveyed to Burrows, his heirs or assigns.   No amount of purchase money was named, or the amount or number of the installments; nor does the cross-petition set up any facts as to those points, or how, or when, or in what manner the Davis Carriage Co. assumed the debt of Burrows to Weber.

We think that on such allegations the defendant, Weber, was not entitled to have the court of common pleas find that there was due to him from the Davis Carriage Co. the amount which the court found to be due to him, and that both the finding of this amount and the rendition of the judgment therefor, should be reversed and held for naught, and the case remanded to the court of common pleas for a new trial as to the amount due from the carriage company to Weber, if anything, and as to the amount of the lien held by Weber against the property in the petition described.

As the plaintiff in error did not seek the reversal of the finding in favor of the original plaintiff, the bank, of course the finding of the common pleas court as to that was not brought into this court and stands unaffected.